# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **BROADBAND COMMUNICATIONS ASSOCIATION OF PENNSYLVANIA**, *et al.*, <br> *Appellants/Petitioners,* <br><br> v. <br><br> **FEDERAL COMMUNICATIONS COMMISSION**, <br> *Appellee/Respondent.* | ) <br> ) <br> ) <br> ) <br> ) <br> )     Case No. 26-1062 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF INTENTION TO INTERVENE OF DIRECTV, LLC

Pursuant to 28 U.S.C. § 2348, 47 U.S.C. § 402(e), and Federal Rule of Appellate Procedure 15(d), DIRECTV, LLC ("DIRECTV") provides this Notice of its Intention to Intervene in support of Appellants in the above-captioned case, which does not yet have a case number. Section 402(e) allows "any interested person" to intervene in an appeal under 47 U.S.C. § 402(b) by filing a "notice of intention to intervene and a verified statement showing the nature of [its] interest" within "thirty days after the filing of any such appeal." Appellants filed their Notice of Appeal in this Court under 47 U.S.C. § 402(b) on March 21, 2026.

The appeal involves the Federal Communications Commission's ("FCC's") approval, by order of its Media Bureau ("Bureau"), of the merger of Nexstar Media Group and TEGNA Inc. *See Consent to the Transfer of Control of TEGNA Inc. to*

*Nexstar Media Inc.*, DA 26-267, MB Docket No. 25-331 (rel. Mar. 19, 2026) ("Order"). If permitted to proceed, the transaction would result in Nexstar's coverage of more than 80 percent of U.S. households, in violation of the current "39 percent national audience reach limitation" prescribed by Congress. Consolidated Appropriations Act, 2004, Pub. L. No. 108-199, § 629, 118 Stat. 3, 99-100. It would also result in Nexstar newly controlling two of the ABC, CBS, FOX, and NBC affiliates in 27 markets, after divestitures.[1] The increased leverage Nexstar would thus obtain would permit it to raise prices to DIRECTV and others and, indirectly, to tens of millions of other television viewers across the country.

The FCC concluded that DIRECTV had standing to file its Petition to Deny before the agency, Order ¶¶58-59, NOA.App.26, and DIRECTV is likewise entitled to intervene as an "interested person" under 47 U.S.C. § 402(e). DIRECTV attaches to this Notice a "verified statement showing the nature of [its] interest." 47 U.S.C. § 402(e).

DIRECTV agrees with Appellants that the FCC's Order should be set aside because it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," as well as "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C).

---

[1]   In a 28th market, Nexstar will add another affiliate to an already-existing duopoly.

* * *

DIRECTV respectfully requests that the Court enter it on the docket as an Intervenor supporting Appellants.  In the alternative, DIRECTV asks that the Court treat this Notice as a Motion for Leave to Intervene and grant leave promptly.

Dated: March 21, 2026

Respectfully submitted,

/s/ Timothy J. Simeone

Michael Nilsson
Timothy J. Simeone
E. Austin Bonner
Jason Neal
HWG LLP
1919 M St., NW, 8th Floor
Washington, DC 20036
(202) 730-1300
tsimeone@hwglaw.com

*Counsel for DIRECTV, LLC*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in 14-point Times New Roman font.  I further certify that the foregoing document complies with the requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 420 words according to the word-count feature of Microsoft Word.

/s/ Timothy J. Simeone
Timothy J. Simeone

# APPENDIX A

**VERIFIED STATEMENT OF MICHAEL HARTMAN**

I, Michael Hartman, hereby declare the following under penalty of perjury:

1.      My name is Michael Hartman. I am the General Counsel and Chief External Affairs Officer of DIRECTV, LLC. I am personally responsible for overseeing all of DIRECTV's legal and external affairs matters.

2.      As such, I have personal knowledge of the factual matters described in the attached Notice of Intention to Intervene except for those for which citations are provided and therefore of which the Court can take judicial notice (the "Operative Facts").

3.      I declare that each of the Operative Facts are true and correct, to the best of my knowledge. As described in the Notice of Intention to Intervene, if the transaction at issue here is permitted to proceed, it would result in Nexstar Media Group's coverage of more than 80 percent of U.S. households, in violation of the current "39 percent national audience reach limitation" prescribed by Congress. Consolidated Appropriation Act, Pub. L. No. 108-199, § 629, 118 Stat. 3, 99-100. It would also result in Nexstar newly controlling two of the ABC, CBS, NBC, and FOX affiliates in 27 markets. The increased leverage Nexstar would thus obtain would permit it to raise prices to DIRECTV and others and, indirectly, to tens of millions of other television viewers across the country.

4.	DIRECTV filed a petition to deny the transfer of TEGNA's licenses to Nexstar, and the FCC concluded that DIRECTV established standing to challenge the license transfer.

5.	I believe in good faith that the facts set forth in the Notice of Intention to Intervene (both the Operative Facts and those of which the Court can take judicial notice) establish the nature of DIRECTV's interest in these proceedings.

March   20, 2026

Michael Hartman

# CERTIFICATE AS TO PARTIES AND *AMICI*

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1)(A), DIRECTV, LLC certifies as follows:

Appellants/Petitioners in this case are: Broadband Communications Association of Pennsylvania; Broadband Communications Association of Washington; Indiana Cable and Broadband Association; Mississippi Internet and Television; Tennessee Cable & Broadband Association; VCTA – Broadband Association of Virginia; and Newsmax Media Inc.

Intervenor in support of Appellants/Petitioners is DIRECTV, LLC.

Appellee/Respondent in this case is the Federal Communications Commission.

As of the time of this filing, no party has moved to intervene in support of Appellee/Respondent.

As of the time of this filing, there are no *amici curiae* in this case.

The Certificate as to Parties, Rulings, and Related Cases included in Appellants/Petitioners' Emergency Motion for Stay and Injunction Pending Appeal also includes a list of persons or entities that participated in proceedings before the Federal Communications Commission.

/s/ Timothy J. Simeone
Timothy J. Simeone

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, DIRECTV, LLC ("DIRECTV") states that DIRECTV is a wholly owned subsidiary of DIRECTV Holdings LLC, which is ultimately owned by Merlin MVPD Holdings LLC and TPG VIII Merlin Investment Holdings, L.P.  No publicly held corporation owns 10% or more of DIRECTV's stock.  Insofar as relevant to this litigation, DIRECTV's general nature and purpose is to serve as a multichannel video programming distributor delivering programming to its subscribers.

/s/ Timothy J. Simeone
Timothy J. Simeone

## CERTIFICATE OF SERVICE

I hereby certify that, on March 21, 2026, the foregoing document was filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit.  Service was accomplished on all parties or their counsel of record via CM/ECF.  I also caused a true copy of the foregoing to be served upon the Commission's general counsel by email to LitigationNotice@fcc.gov.

/s/ Timothy J. Simeone
Timothy J. Simeone