ORAL ARGUMENT NOT YET SCHEDULED

**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| BROADBAND COMMUNICATIONS ASSOCIATION OF PENNSYLVANIA, ET AL., | ) ) ) ) |
| *Appellants* | ) ) |
| v. | ) No. 26-1062 ) |
| FEDERAL COMMUNICATIONS COMMISSION, | ) ) ) |
| *Appellee* | ) ) |
| ------------------------------------ | ) ) |
| DIRECTV, LLC, | ) ) |
| *Intervenor* | ) ) |
| ------------------------------------ | ) ) |

Consolidated with 26-1065

**NOTICE OF INTENT TO INTERVENE AND UNOPPOSED MOTION TO**
**INTERVENE IN SUPPORT OF APPELLEE**

1.      Pursuant to 47 U.S.C. § 402(e), Federal Rule of Appellate Procedure 15(d), and Circuit Rule 15(b), Nexstar Media Inc. ("Nexstar") hereby notices its intent to intervene under the statute and moves to intervene under the rules in the

above-captioned cases and any other cases involving the same agency action in support of Appellee.  No party opposes intervention.

2.      Appellants seek review of the Memorandum Opinion and Order of the Media Bureau of the Federal Communications Commission ("FCC" or "Commission") captioned *Applications for Consent to the Transfer of Control of TEGNA Inc. to Nexstar Media Inc.*, Memorandum Opinion & Order, MB Docket No. 25-331, DA 26-267 (rel. March 19, 2026) (the "Order"), which approved applications for consent to transfer of control of TEGNA Inc. to Nexstar.

3.      Nexstar is entitled to intervene in support of the Commission under the Communications Act.  Nexstar is an "interested person" in this appeal because Nexstar "would be aggrieved" and its "interest would be adversely affected by a reversal or modification of the order."  47 U.S.C. § 402(e); *see, e.g.*, *New S. Media Corp. v. FCC*, 644 F.2d 37, 38 n.6 (D.C. Cir. 1981) ("In order to protect the interests of the party that prevailed before the Commission when the Commission's decision is reviewed on appeal, the last sentence of § 402(e) permits the non-aggrieved party to intervene as a matter of right and participate in the appeal.").  Nexstar's interests are self-evident because Nexstar is "an object of the [agency] action … at issue." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also, e.g.*, *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 317 (D.C. Cir. 2015) ("Our cases have generally found a sufficient injury in fact where a party benefits from agency

action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit."). And the verified statement of interest required by 47 U.S.C. § 402(e) is attached hereto.

4.    In addition to providing the notice specified by the Communications Act, Nexstar moves for intervention. Appellants have styled their notices of appeal alternatively as a petition for mandamus, *see* Notice of Appeal Or, In The Alternative, Emergency Petition for Writ of Mandamus, Document #2164863, Notice of Appeal Or, In the Alternative, Emergency Petition for Writ of Mandamus, Document# 2165080, and Nexstar also intends to support the Commission in any mandamus action. Furthermore, this Court has sometimes requested a motion in addition to the notice specified by the Communications Act.

5.    Accordingly, Nexstar respectfully requests that the Court enter it on the docket as an Intervenor supporting Appellee. In the alternative and to the extent necessary, Nexstar asks that the Court promptly grant its motion to intervene.

Respectfully submitted,

<u>/s/Thomas M. Johnson, Jr.</u>
Thomas M. Johnson, Jr.
Kathleen A. Kirby
Eve Klindera Reed
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000
(202) 719-4550
tmjohnson@wiley.law

*Counsel for Nexstar Media Inc.*

March 25, 2026

## <u>VERIFIED STATEMENT OF INTEREST</u>

I, Michael Biard, state as follows:

1.    I am the President and Chief Operating Officer for Nexstar Media Group, Inc., which wholly owns Nexstar Media Inc. ("Nexstar").

2.    In the Memorandum Opinion and Order that Appellants challenge in this appeal,[1] the Media Bureau of the Federal Communications Commission approved applications for consent to the transfer of control of TEGNA Inc. to Nexstar.

3.    Nexstar was one of the applicants, and a formal and active participant, in the FCC proceeding that resulted in the issuance of the Order.

4.    Nexstar would be injured if the Order were set aside, enjoined, vacated, or reversed.

5.    Appellants now seek reversal of the Order.

6.    I have reviewed the preceding notice and motion regarding intervention in support of the FCC.  I confirm that the facts stated in the Motion with respect to Nexstar's interest in this action are true and correct.

---

[1]    *Applications for Consent to the Transfer of Control of TEGNA Inc. to Nexstar Media Inc.*, Memorandum Opinion & Order, MB Docket No. 25-331, DA 26-267 (rel. March 19, 2026)

Pursuant to 47 U.S.C. § 402(e) and 28 U.S.C. § 1746, I state under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Michael Biard

Dated: March 24, 2026

## CERTIFICATE OF PARTIES, RULINGS UNDER REVIEW, AND RELATED CASES

Intervenor Nexstar Media Inc., by counsel, provides the following information in accordance with Circuit Rules 27(a)(4) and 28(a)(1)(A):

### A.    Parties and *Amici*

Except for *amicus curiae* American Conservative Union Foundation (d/b/a Conservative Political Action Coalition Foundation) Center for Regulatory Freedom, all current parties, intervenors, and amici are listed in the certificates filed by Appellants.  *See* Industry Appellants' Emergency Motion for Stay and Injunction Pending Appeal at iii–vii (Document #2164865); Special-Interest Appellants' Emergency Motion to Stay at iii–vi (Document #2165115).

### B.    Ruling Under Review

The ruling under review is the Memorandum Opinion and Order of the Media Bureau of the Federal Communications Commission captioned *Applications for Consent to the Transfer of Control of TEGNA Inc. to Nexstar Media Inc.*, Memorandum Opinion & Order, MB Docket No. 25-331, DA 26-267 (rel. March 19, 2026), which approved applications for consent to transfer of control of TEGNA Inc. to Nexstar Media Inc.

## C.     Related Cases

This Court has already consolidated *Free Press et al. v. FCC*, No. 26-1065 (filed March 23, 2026) with *Broadcast Communications Ass'n of Pa. et al. v. FCC*, No. 26-1062 (filed March 21, 2026).  Intervenor Nexstar is not aware of any other related cases within the meaning of D.C. Circuit Rule 28(a)(1)(C).

Respectfully submitted,

/s/Thomas M. Johnson, Jr.
Thomas M. Johnson, Jr.
Kathleen A. Kirby
Eve Klindera Reed
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000
(202) 719-4550
tmjohnson@wiley.law

*Counsel for Nexstar Media Inc.*

March 25, 2026

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Circuit

Rules 15(c)(6) and 26.1, Nexstar Media Inc. is a wholly-owned subsidiary of Nexstar

Media Group, Inc. Nexstar Media Group, Inc. is a publicly held company. No

publicly held corporation owns 10% or more of Nexstar Media Group, Inc.

Respectfully submitted,


/s/Thomas M. Johnson, Jr.
Thomas M. Johnson, Jr.
Kathleen A. Kirby
Eve Klindera Reed
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000
(202) 719-4550
tmjohnson@wiley.law

*Counsel for Nexstar Media Inc.*

March 25, 2026

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify:

This motion complies with the type-volume limitations of Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure because it contains 464 words, excluding the accompanying documents authorized by Rule 27(a)(2)(B) of the Federal Rules of Appellate Procedure.

This motion complies with the typeface and type-style requirements of Rule 27(d)(1)(E), Rule 32(a)(5), and Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this motion has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman.

Respectfully submitted,

/s/Thomas M. Johnson, Jr.
Thomas M. Johnson, Jr.
Kathleen A. Kirby
Eve Klindera Reed
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000
(202) 719-4550
tmjohnson@wiley.law

*Counsel for Nexstar Media Inc.*

March 25, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,

/s/Thomas M. Johnson, Jr.
Thomas M. Johnson, Jr.
Kathleen A. Kirby
Eve Klindera Reed
Jeremy J. Broggi
Boyd Garriott
**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000
(202) 719-4550
tmjohnson@wiley.law

*Counsel for Nexstar Media Inc.*

March 25, 2026