IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Broadband Communications Association      )
    of Pennsylvania, et al.,      )
        Appellants-Petitioners,      )
                  )
        v.      )      No. 26-1062 (consolidated
                  )      with No. 26-1065)
Federal Communications Commission,      )
        Appellee-Respondent.      )

### MOTION TO DISMISS APPEALS AND
### TO DEFER FILING OF THE RECORD

The Federal Communications Commission respectfully moves to dismiss the

appeals filed in these consolidated cases.  The Commission also moves to defer

filing the certified index to the record pending the Court's disposition of this

motion.

Appellants appeal from an order issued by the FCC's Media Bureau:

*Applications for Consent to the Transfer of Control of TEGNA Inc. to Nexstar*

*Media Inc.*, DA 26-267 (Med. Bur. rel. March 19, 2026) (*Bureau Order*).  Under

binding Circuit precedent, this Court lacks jurisdiction to review an order issued by

the Commission's staff.  The Court should therefore dismiss these appeals.[1]

---

[1] Appellants have asked that the Court treat their notices of appeal as petitions for
mandamus if it concludes that it lacks jurisdiction over the *Bureau Order*.  *See*
Notice of Appeal, No. 26-1062, at 27-30; Notice of Appeal, No. 26-1065, at 14-16.
This motion does not address appellants' mandamus petitions.  In accordance with
this Court's order of April 28, 2026, the Commission will respond to those
petitions by May 11, 2026.

**BACKGROUND**

Under section 310(d) of the Communications Act, no broadcast station license may be transferred "to any person except upon application to the Commission." 47 U.S.C. § 310(d). A license transfer application will be granted only if the Commission finds "that the public interest, convenience, and necessity will be served thereby." *Ibid*.

The Commission has delegated its authority to "[p]rocess applications for … transfer" to its Media Bureau. 47 C.F.R. § 0.61(a). *See* 47 U.S.C. § 155(c)(1). Under the FCC's rules, "[a]ny person aggrieved by any action taken pursuant to delegated authority may file an application requesting review of that action by the Commission." 47 C.F.R. § 1.115(a). "The filing of an application for review" is "a condition precedent to judicial review of any action taken pursuant to delegated authority." *Id*. § 1.115(k); 47 U.S.C. § 155(c)(7); *see also* 47 U.S.C. § 405(a).

On November 19, 2025, Nexstar Media Inc. and TEGNA, Inc. filed applications with the FCC's Media Bureau seeking consent to transfer control of TEGNA's broadcast television licenses to Nexstar. *Bureau Order* ¶ 8. The Bureau accepted the applications for filing on December 1, 2025, and released a public notice establishing a pleading cycle. *Id*. ¶ 10. The Bureau received numerous comments, replies, and other submissions concerning the applications, including from the parties to this litigation. *Id*. ¶¶ 11-16. The pleading cycle officially

closed on January 26, 2026.  *See* Public Notice, DA 25-1000 (Med. Bur. rel. Dec. 1, 2025).

"After carefully and thoroughly reviewing the record," *Bureau Order* ¶ 7, including the "significant commitments" that Nexstar made in the record, *id*. ¶ 6, the Bureau granted the applications on March 19, 2026.  It concluded that "grant of the Applications will result in public interest benefits and serve the public interest, convenience, and necessity."  *Id*. ¶ 89.  The Bureau determined that "on balance," the proposed transaction's public interest "benefits outweigh any potential public interest harms."  *Id*. ¶ 65.

The day after the *Bureau Order* was issued, appellants filed an application for review with the Commission.  That application remains pending.

One day after filing the application for review, a group of appellants led by the Broadband Communications Association of Pennsylvania filed a notice of appeal, or in the alternative a petition for mandamus, seeking judicial review of the *Bureau Order*.  *Broadband Commc'ns Ass'n of Pa., et al. v. FCC*, No. 26-1062.  Two days later, a second group of appellants led by Free Press filed a notice of appeal, or in the alternative a petition for mandamus, similarly seeking judicial review of the *Bureau Order*.  *Free Press, et al. v. FCC*, No. 26-1065.  The Court has consolidated these appeals.

3

The two groups of appellants filed emergency motions for stay along with their notices of appeal. The Commission and Nexstar, an intervenor in these cases, filed oppositions to appellants' stay motions. By order dated April 28, 2026, the Court denied the motions. Order, *Broadband Commc'ns Ass'n of Pa. v. FCC*, No. 26-1062 (Apr. 28, 2026) (April 28 Order). Among other things, the Court found that appellants were not entitled to a stay because they "have not shown this court is likely to have jurisdiction under 47 U.S.C. § 402(b)" to review the *Bureau Order*. April 28 Order at 1-2 (citing *Int'l Telecard Ass'n v. FCC*, 166 F.3d 387, 388 (D.C. Cir. 1999) (per curiam)).

## ARGUMENT

Appellants filed their appeals pursuant to section 402(b) of the Communications Act, 47 U.S.C. § 402(b). *See* Notice of Appeal, No. 26-1062, at 5; Notice of Appeal, No. 26-1065, at 1. It is well settled, however, that under section 402(b), a party may not appeal "directly to this Court from a decision made by" Commission staff acting on "delegated authority." *NTCH, Inc. v. FCC*, 877 F.3d 408, 414 (D.C. Cir. 2017) (quoting *Environmentel, LLC v. FCC*, 661 F.3d 80, 84 (D.C. Cir. 2011)).

Section 5(c)(7) of the Communications Act "makes the filing of an application for review by the Commission 'a condition precedent to judicial review' of a decision taken pursuant to delegated authority." *Richman Bros.*

*Records v. FCC*, 124 F.3d 1302, 1303 (D.C. Cir. 1997) (quoting 47 U.S.C. § 155(c)(7)). This Court construed that provision to mean that "Congress did not intend that the court review a staff decision that has not been adopted by the Commission itself." *Id*. at 1304. "Lest there be any misunderstanding" about the limits of its jurisdiction under the Communications Act, the Court has "expressly" held that "a petition for review filed after a bureau decision but before resolution by the full Commission is subject to dismissal as incurably premature." *Int'l Telecard Ass'n*, 166 F.3d at 388. The Court cited this language from *International Telecard* in its recent order denying appellants' motions for a stay in this case.

Appellants contend that "*International Telecard* poses no barrier to this Court's jurisdiction here." Notice of Appeal, No. 26-1062, at 26. They maintain that they need not wait for the Commission to act on their application for review before challenging the *Bureau Order* in court because the *Bureau Order* "is clearly attributable to the full Commission and represents 'a decision [or] order of the Commission.'" Notice of Appeal, No. 26-1065, at 12 (quoting 47 U.S.C. § 402(b)); *see also* Notice of Appeal, No. 26-1062, at 22 ("the Media Bureau's order is properly attributed to the full Commission"). Appellants further assert that the Commission's failure thus far to act on the application for review (which was filed less than two months ago) "can be understood only as a 'constructive denial'

of their application."  Notice of Appeal, No. 26-1062, at 24 (quoting *Friedman v. FAA*, 841 F.3d 537, 541 (D.C. Cir. 2016)).

Both contentions are incorrect.  The Bureau, not the Commission, has acted.  And the Commission has not denied—constructively or otherwise—the recently filed application for review.

In all events, appellants' arguments in support of jurisdiction cannot overcome the plain text of 47 U.S.C. § 155(c)(7).  The second sentence of that provision states: "The time … within which an appeal must be taken under [47 U.S.C. § 402(b)] shall be computed from the date upon which public notice is given of *orders disposing of all applications for review filed in any case*."  47 U.S.C. § 155(c)(7) (emphasis added).  Thus, Congress made clear that the filing window for appeals under section 402(b)—*i.e.*, the timeframe "within which an appeal must be taken"—does not open until the FCC has acted on all pending applications for review of staff decisions.  This confirms what the Court previously concluded:  "Congress did not intend that the court review a staff decision that has not been adopted by the Commission itself."  *Int'l Telecard*, 166 F.3d at 388 (quoting *Richman Bros. Records*, 124 F.3d at 1304).  There is no reason for this Court to reconsider, by way of an *Irons* footnote (*see* Notice of Appeal, No. 26-1062, at 26 n.2), this well-settled—and correct—conclusion.

6

**CONCLUSION**

This Court lacks jurisdiction to review orders issued by the FCC's staff, including the Media Bureau's order in this case.  Accordingly, the Court should grant this motion and dismiss these appeals.

<div style="margin-left:50%">

Respectfully submitted,


D. Adam Candeub
General Counsel


Jacob M. Lewis
Associate General Counsel


/s/James M. Carr

James M. Carr
William J. Scher
Counsel

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740

</div>

May 5, 2026

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1.  This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒   this document contains <u>1,340</u> words, *or*

    ☐   this document uses a monospaced typeface and contains _ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒   this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word in Office 365</u> in <u>14-point Times New Roman</u>, *or*

    ☐   this document has been prepared in a monospaced spaced typeface using _____ with _____.

*/s/ James M. Carr*

James M. Carr
 *Counsel*

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740

**CERTIFICATE OF FILING AND SERVICE**

I, James M. Carr, hereby certify that on May 5, 2026, I filed the foregoing

Motion to Dismiss Appeals and to Defer Filing of the Record with the Clerk of the

Court for the United States Court of Appeals for the District of Columbia Circuit

using the electronic CM/ECF system. Participants in the case who are registered

CM/ECF users will be served by the CM/ECF system.

*/s/ James M. Carr*

James M. Carr
*Counsel*

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740