IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Broadband Communications Association of Pennsylvania, et al., Appellants-Petitioners, | ) ) ) ) | |
| v. | ) ) | No. 26-1062 (consolidated with No. 26-1065) |
| Federal Communications Commission, Appellee-Respondent. | ) ) ) | |

**REPLY OF FEDERAL COMMUNICATIONS COMMISSION
IN SUPPORT OF MOTION TO DISMISS**

Appellants do not dispute that under binding Circuit precedent, "a petition for review filed after a bureau decision but before resolution by the full Commission is subject to dismissal as incurably premature." *Int'l Telecard Ass'n v. FCC*, 166 F.3d 387, 388 (D.C. Cir. 1999) (per curiam). That precedent requires this Court to grant the FCC's motion and dismiss this case.

1. Contrary to appellants' assertion (Opp. 4-6), the mere filing of an application for review by appellants does not vest this Court with jurisdiction to review an order issued by the FCC's Media Bureau. Section 402(b) of the Communications Act plainly states that appeals may be taken only "from decisions and orders *of the Commission*." 47 U.S.C. § 402(b) (emphasis added). Consistent with this statutory direction, this Court has long recognized that a party may not appeal "directly to this Court from a decision made by" Commission staff acting

on "delegated authority."  *NTCH, Inc. v. FCC*, 877 F.3d 408, 414 (D.C. Cir. 2017)

(quoting *Environmentel, LLC v. FCC*, 661 F.3d 80, 84 (D.C. Cir. 2011)).

The text of 47 U.S.C. § 155(c)(7) confirms that parties must await final

Commission action on their application for review before filing an appeal in this

Court.  The statute expressly provides:  "The time … within which an appeal must

be taken under [47 U.S.C. § 402(b)] shall be computed from the date upon which

public notice is given of *orders disposing of all applications for review filed in any*

*case*."  47 U.S.C. § 155(c)(7) (emphasis added).  This provision makes clear that

"Congress did not intend that the court review a staff decision that has not been

adopted by the Commission itself."  *Int'l Telecard*, 166 F.3d at 388 (quoting

*Richman Bros. Records v. FCC*, 124 F.3d 1302, 1304 (D.C. Cir. 1997)).  This Court

has consistently applied this precedent to dismiss attempts to review Bureau orders

when applications for review were pending but unresolved.  *See, e.g.*, *Indian Peak*

*Props. LLC v. FCC*, 2023 WL 8494465 (D.C. Cir. Dec. 7, 2023); *Nextwave*

*Personal Commc'ns Inc. v. FCC*, 2000 WL 1093322 (D.C. Cir. June 22, 2000).

The Eleventh Circuit has reached the same "common sense" conclusion in

construing 47 U.S.C. § 155(c)(7):  "The mere act of filing an application alone

does not satisfy the jurisdictional prerequisite.  The petitioners must give the

Commission an opportunity to issue a final decision; otherwise, the statutory

prerequisite would be rendered useless." *Ala. Power Co. v. FCC*, 311 F.3d 1357, 1366 (11th Cir. 2002).

Appellants nonetheless maintain that the filing window established by 47 U.S.C. § 155(c)(7) is not "jurisdictional." Opp. 5-6. But this Court has long held that it lacks jurisdiction to consider appeals that are filed outside the statutorily mandated filing window for seeking judicial review of FCC orders. Appeals of Commission license transfer decisions are governed by 47 U.S.C. § 402(b) (as appellants acknowledge (Opp. 1)), and, pursuant to 47 U.S.C. § 402(c), must be filed within "thirty days from the date upon which public notice is given of the decision or order complained of." This Court has explained that "[t]he time limit imposed by 47 U.S.C. § 402(c) is jurisdictional, i.e., if the appeal is not filed in accordance with the statutory terms, it *must* be dismissed." *Waterway Commc'ns Sys. v. FCC*, 851 F.2d 401, 405 (D.C. Cir. 1988) (dismissing appeal filed 18 days before the 30-day filing window opened). *See also W. Union Tel. Co. v. FCC*, 773 F.2d 375, 378 (D.C. Cir. 1985) (Scalia, J) (28 U.S.C. § 2344 "imposes a jurisdictional bar to judicial consideration of petitions filed prior to entry of the agency orders to which they pertain").

When applications for review of a Bureau order are filed, the 30-day filing window for appeal does not open until "public notice is given of [Commission] orders disposing of all applications for review." 47 U.S.C. § 155(c)(7). In this

case, the Commission has not yet ruled on the pending application for review of the Bureau's order. Accordingly, the Court lacks jurisdiction, and the case must be dismissed.

2. Contrary to appellants' contention, equitable and policy considerations cannot justify the Court's exercise of jurisdiction here. Opp. 6-11; *see also* DIRECTV Opp. 4-9. This Court "is powerless to create" or "to expand" its own jurisdiction in response to "public policy" concerns. *Whitmore v. Arkansas*, 495 U.S. 149, 155-56, 161 (1990). Nor are courts free to create exceptions to statutorily mandated exhaustion requirements. *See Ross v. Blake*, 578 U.S. 632, 639-40 (2016); *Patten v. Dist. of Columbia*, 9 F.4th 921, 929 (D.C. Cir. 2021) ("courts may not impose judge-made exceptions on statutory exhaustion requirements"); *see also Fones4All Corp. v. FCC*, 550 F.3d 811, 818 (9th Cir. 2008); *Ga. Power Co. v. Teleport Commc'ns Atlanta, Inc.*, 346 F.3d 1047, 1050-51 (11th Cir. 2003).

In any event, as appellants acknowledge (Opp. 11-13), mandamus provides the Court with the means to address their concerns regarding irreparable harm and administrative delay. For the reasons discussed in the Commission's opposition to the mandamus petitions, however, mandamus is unwarranted here. As we have stated, the Commission expects to act on the application for review before the end of this year. In the meantime, the injunction issued by the district court in

California requires Nexstar and TEGNA to hold their operations separate pending the resolution of antitrust claims asserted by DIRECTV and several states. On appeal, Nexstar and TEGNA have asked the Ninth Circuit to narrow the scope of, but not vacate, the district court's injunction. *See* Opening Brief for Defendants-Appellants, *DIRECTV, LLC v. Nexstar Media Group, Inc.*, 9th Cir. No. 26-2490, at 39, 59 (copy attached). As a result, even if the companies prevail on appeal, the injunction will remain in place until the completion of the antitrust litigation in the 31 local markets where Nexstar is acquiring a TEGNA station affiliated with one of the four major broadcast television networks.

3. Finally, intervenor DIRECTV urges the Court to "revisit the application of 47 U.S.C. § 155(c)(3)," which DIRECTV contends must be read to stay the effectiveness of any Bureau order that is the subject of an application for review. DIRECTV Opp. 9. But the interpretation of section 155(c)(3) has no bearing on the issue presented by the motion to dismiss: whether the Court has jurisdiction to review the Bureau's order at issue. In any event, in *Committee to Save WEAM v. FCC*, 808 F.2d 113, 119 (D.C. Cir. 1986), this Court rejected the reading now advocated by DIRECTV. There is no good reason for the Court to reconsider that decision here.

Section 155(c)(3) provides that any action taken on delegated authority under section 155(c)(1) "shall have the same force and effect" as orders of the

Commission "unless *reviewed* as provided" in section 155(c)(4).  47 U.S.C. § 155(c)(3) (emphasis added).[1]  The Commission has properly read this language to mean that Bureau orders shall have the same force and effect as Commission orders unless they have been *reviewed* by the Commission.  When that happens, the Commission's order supersedes the Bureau's order.

That is the best reading of the statute, and there is no good reason for the Court to disturb it now—particularly when neither DIRECTV nor any other party raised this issue with the Commission in the proceeding below.  *See* 47 U.S.C. § 405(a); *Viasat, Inc. v. FCC*, 47 F.4th 769, 778 (D.C. Cir. 2022).

---

[1] In its opposition, DIRECTV asserts that section 155(c)(3) provides that "Bureau orders 'shall have the same force and effect' as Commission orders '*unless*' subject to an application for review."  DIRECTV Opp. 9 (quoting excerpts from 47 U.S.C. § 155(c)(3)).  But the statute actually says that Bureau orders have that force and effect unless they have been "reviewed" by the Commission in accordance with section 155(c)(4).

## CONCLUSION

The Court should grant the motion to dismiss.

Respectfully submitted,


D. Adam Candeub
General Counsel


Jacob M. Lewis
Associate General Counsel


/s/James M. Carr

James M. Carr
William J. Scher
Counsel

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740

June 5, 2026

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1.  This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒   this document contains <u>1,292</u> words, *or*

    ☐   this document uses a monospaced typeface and contains <u> </u> lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒   this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word in Office 365</u> in <u>14-point Times New Roman</u>, *or*

    ☐   this document has been prepared in a monospaced spaced typeface using <u>                              </u> with <u>                        </u>.

<u>*/s/ James M. Carr*</u>

James M. Carr
 *Counsel*

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740

**CERTIFICATE OF FILING AND SERVICE**

I, James M. Carr, hereby certify that on June 5, 2026, I filed the foregoing Reply of Federal Communications Commission in Support of Motion to Dismiss with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the electronic CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ James M. Carr*

James M. Carr
*Counsel*

Federal Communications Commission
Washington, D.C.  20554
(202) 418-1740