Clement & Murphy
PLLC

July 8, 2026

**Via CM/ECF**

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re:      *Broadband Communications Association of Pa. v. FCC*, No. 26-1062

Dear Mr. Cislak:

*Trump v. Slaughter* confirms that the Constitution does not license a 'headless fourth branch' … exercising 'considerable executive power.'" 2026 WL 1855612 at *6 (2026) (quoting *Slaughter v. Trump*, 2025 WL 2551247, at *13 (D.C. Cir. 2025) (Rao, J., dissenting)). Instead, the Constitution creates a unitary executive with the President ultimately accountable for those wielding executive power. But the reaffirmation of that constitutional reality leaves little room for the argument that there is not even a unitary FCC, such that Commission staff can approve mergers with immediate effect but the full Commission can delay judicial review indefinitely, on the theory that the full Commission is not accountable for staff-level decisions. *See id.* at *27-29 (Gorsuch, J., concurring) (noting FCC "hold[s] tremendous sway over the Nation's affairs" and urging judicial vigilance in reining in unchecked executive discretion).

FCC contends that its Media Bureau can (i) invent a standard to waive a 39% threshold set by Congress; (ii) use that new standard to approve a merger with immediate real-world consequences; and then (iii) evade judicial review indefinitely. That theory was never correct, but it might have been at least plausible in a world where FCC has quasi-independent status and was exercising some kind of quasi-judicial power such that the Commission was reviewing the Bureau's initial adjudication. But the Supreme Court has now definitively rejected that conception, making clear that "independent" agencies exercise executive power, "no ifs, ands, or quasis about it." *Id.* at *15 (majority opinion). That is undeniably true of the decision to approve a merger. But if that is an exercise of pure executive power with consequential real-world effects, there is no reason Congress would treat it as a non-final or insulate it from judicial review. Congress, for example, did not and would not empower the AAG for Antitrust to approve mergers with immediate effect, subject to the AG's veto, without any possibility for judicial review unless and until the AG deigns to finalize his review. *Slaughter* confirms that there is no reason to interpret

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com

Mr. Cislak, Clerk of Court
July 8, 2026
Page 2 of 2

the Communications Act to impose that implausible regime.  *See generally id.* (Gorsuch, J., concurring).

Respectfully submitted,

s/Paul D. Clement
Paul D. Clement
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

Cc: All counsel of record (*via CM/ECF*)