# United States Court of Appeals
#### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-1062**                    **September Term, 2025**

**FCC-25-331**

**Filed On:**  July 9, 2026

Broadband Communications Association of
Pennsylvania, et al.,

        Appellants

    v.

Federal Communications Commission,

        Appellee

------------------------------

DIRECTV, LLC and Nexstar Media Inc.,
           Intervenors
------------------------------

Consolidated with 26-1065


    **BEFORE:**    Wilkins, Katsas, and Rao, Circuit Judges

## O R D E R

    Upon consideration of the notices of appeal or, in the alternative, petitions for writ of mandamus, which include motions for a stay under the All Writs Act, the responses to the mandamus petitions, and the replies; the motion to dismiss these consolidated cases for lack of jurisdiction, the responses thereto, and the replies; and the Rule 28(j) letter filed on July 8, 2026, it is

    **ORDERED** that appellants' motions for a stay pending appeal under the All Writs Act be denied.  Appellants have not satisfied the stringent requirements for an All Writs Act stay.  See In re NTE Conn., LLC, 26 F.4th 980, 987-88 (D.C. Cir. 2022) (citing Nken v. Holder, 556 U.S. 418, 434 (2009)).  Specifically, appellants have not met their burden to show irreparable harm in the absence of a stay that is "certain and great, and actual and not theoretical."  KalshiEX LLC v. CFTC, 119 F.4th 58, 64 (D.C. Cir. 2024) (cleaned up). The harms alleged by appellants are either not irreparable or not certain,

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 26-1062**                              **September Term, 2025**

particularly in light of the preliminary injunction entered by the United States District Court for the Eastern District of California. See In re Nexstar-Tegna Merger Litig., No. 26-cv-976, 2026 WL 1049295, at *28-31 (E.D. Cal. Apr. 17, 2026) (requiring Nexstar to hold separate all assets, rights, and licenses acquired in the merger, operate independently all local television broadcast stations previously owned by TEGNA, and preserve existing relationships between acquired broadcast stations and multichannel video programming distributors like appellant DIRECTV). It is

**FURTHER ORDERED** that appellants' petitions for a writ of mandamus directing FCC to adjudicate their application for review of the March 19, 2026, order of FCC's Media Bureau ("Media Bureau Order") be denied. Mandamus is an extraordinary remedy. In re Pub. Emps. for Env't Resp., 957 F.3d 267, 273 (D.C. Cir. 2020). "In cases of alleged agency delay, we will not issue the writ unless the agency's delay in fulfilling its duty is so egregious as to warrant mandamus." In re Nat'l Nurses United, 47 F.4th 746, 753 (D.C. Cir. 2022) (cleaned up). We assess the egregiousness of an agency's delay by reference to the TRAC factors. See In re Ctr. for Biological Diversity, 53 F.4th 665, 670 (D.C. Cir. 2022) (citing Telecomms. Rsch. & Action Ctr. (TRAC) v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984)). These factors include whether "Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute" and the "nature and extent of the interests prejudiced by delay." TRAC, 750 F.2d at 80. Here, appellants filed their application for review of the Media Bureau Order on March 20, 2026. See 47 U.S.C. § 155(c)(4). The statutory scheme does not require the agency to resolve such an application within a certain period of time. See id. § 155(c)(5)-(6). FCC has yet to decide appellants' application for review but has informed this court that it expects to act by the end of this year. Given the absence of any statutory timetable and the extent to which the California district court's preliminary injunction protects appellants' asserted interests, FCC's three-month delay does not justify the extraordinary grant of mandamus relief to compel agency action.[1] It is

**FURTHER ORDERED** that FCC's motion to dismiss the consolidated appeals be granted. This court lacks jurisdiction over appellants' challenges to the Media Bureau Order. Congress required the filing of an application for review as a "condition

_____

[1] Our denial of appellants' requests for an All Writs Act stay and writ of mandamus is without prejudice to their future ability to seek similar relief in response to subsequent developments.

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-1062**                                    **September Term, 2025**

precedent" to judicial review of an FCC bureau order, and further provided that the window for filing an appeal of such an order begins on the date when "public notice is given of orders disposing of all applications for review." Id. § 155(c)(7); cf. W. Union Tel. Co. v. FCC, 773 F.2d 375, 377-78 (D.C. Cir. 1985) (framing a similar filing window as jurisdictional). The appeal of an FCC bureau order filed before FCC's disposition of an application for review of that order is thus jurisdictionally premature and "subject to dismissal." See NTCH, Inc. v. FCC, 877 F.3d 408, 412 (D.C. Cir. 2017) (quoting Int'l Telecard Ass'n v. FCC, 166 F.3d 387, 388 (D.C. Cir. 1999) (per curiam)). Here, appellants filed their notices of appeal on March 21 and March 23, 2026. At the time their appeals were filed, appellants had filed an application for review of the Media Bureau Order, but FCC had not and still has not resolved that application. This court therefore lacks jurisdiction over appellants' challenges and must dismiss the consolidated appeals.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Selena R. Gancasz
Deputy Clerk